UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **CORNELIUS V. HOSCH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| v. ) | Case No. l:13-cv-00825-AJT-TCB |
| ) | |
| ) | |
| **BAE SYSTEMS INFORMATION** ) | |
| **SOLUTIONS INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT BAE SYSTEMS INFORMATION SOLUTIONS INC.'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL FORENSIC
INSPECTION**

Pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure, Defendant BAE Systems Information Solutions Inc. ("Defendant" or "BAE Systems") submits its Memorandum in Support of its Motion to Compel Forensic Inspection.

**I.   INTRODUCTION**

On February 5, 2013, Plaintiff Cornelius V. Hosch ("Plaintiff" or "Hosch") filed a complaint against his former employer, BAE Systems, in the United States District Court for the District of Columbia.  Compl. ECF No. 1.  In that Complaint, Hosch alleged that BAE Systems misclassified certain employees working in Afghanistan on a contract with the federal government (the "CIED Contract"). *Id*. ¶¶ 22-42.  Hosch claimed that he was retaliated against in violation of the False Claims Act, 31 U.S.C. § 3730(h) after he supposedly reported this alleged misclassification to his supervisor. *Id*. ¶ 75-77, 80.  BAE Systems successfully moved to transfer the case to the Eastern District of Virginia.  ECF No. 13.  Plaintiff then amended his Complaint to allege a claim of "[r]eprisal or [r]etaliation" under 10 U.S.C. § 2409.  Am. Compl. ¶ 87, ECF No. 17.  On August 15, 2013, this Court issued an Order commencing discovery.

1

Order, ECF No. 19. Pursuant to that Order and the parties' Rule 26(f) Discovery Plan, fact discovery will close on December 13, 2013. ECF No. 23 ¶ 9.

During a review of Hosch's BAE Systems' email account, BAE Systems determined that Hosch had forwarded a large quantity of emails, including emails and attachments containing confidential information concerning BAE Systems and its customers, to his personal email address in April and May 2012. Consequently, on September 23, 2013, BAE Systems served on Hosch a Rule 34(a)(1) Notice of Inspection that sought the preservation, imaging and inspection of his personal computers and storage and communications devices, email and social media accounts. Declaration of Connie N. Bertram ("Bertram Decl."), Ex. A. BAE Systems served on Hosch a Revised Notice of Inspection on October 4, 2013. *Id*., Ex. D. On October 9, 2013, Hosch objected to the revised Notice, stating that it was "not relevant to any party's claim or defense [and was not] reasonably calculated to lead to the discovery of admissible evidence." *Id*., Ex. B.

During the course of discovery in this case, it has become evident that a forensic review of Hosch's personal computers, back up drive, cell phone and other devices, and on line email and other accounts is necessary to obtain BAE Systems' data and documents and data responsive to BAE Systems' discovery requests. For example, BAE Systems requested in Document Request No. 1(b) and Interrogatory No. 12 the production of all documents of BAE Systems in his possession, custody or control. *Id*. Exs. F & G. Consistent with BAE Systems' findings during its initial review, at his deposition Plaintiff confirmed that, starting in early April 2012, he forwarded "everything" from his BAE email address and his military SWA account to his personal email address. *See infra* at 3-4. Because BAE Systems does not have access to any of the emails that Plaintiff sent or received through his SWA account, the emails now on Plaintiff's

personal account are the only accessible source of those emails. Moreover, although Plaintiff produced certain of the emails and attached documents that he forwarded from his BAE Systems email account to his personal email address, he has not produced all of the emails that BAE Systems uncovered during its original review.

In addition, at his deposition, Plaintiff identified a number of documents that he downloaded to a portable backup drive while he was in Afghanistan. He testified that it was his practice starting in early April 2012 to prepare a summary of every communication relating to his employment and to the Company's investigations. Bertram Decl., Ex. C at 284-86 (Hosch Dep. Tr.). He stated that he would take bulleted notes of the communication in a notebook during the conversation. *Id*. Then, shortly after the conversation, he summarized the communication in a Word document, which he would either attach to an email or save to a file he called "BAE Concerns." *Id*. at 285-86. Hosch described his "BAE Concerns" file as "a folder . . . on the military drive in my network there [that] may have been on BAE's network." *Id*. at 287. Hosch then "shred[ded]" the notes from his meetings. *Id*. at 285-86. Also, Hosch deleted the Word documents containing these summaries if he incorporated the information into another document or summary. *Id.* at 355-356; *see also id.* at 427-429 (admitting that Hosch was "not sure" whether he deleted "the clearance expiring document" but that he "did delete some stuff that was on [his] computer that [he] was using").

Hosch had a practice of forwarding "all" of his communications with his supervisors and BAE Systems representatives involved in the investigations to his personal email account. Hosch testified that, after he became concerned about potential retaliation by BAE Systems, he forwarded "all the e-mails I had in my inbox or saved on my BlackBerry or BAE account, I just automatically forwarded all those." *Id*. at 146. Hosch stated that he did not read the emails

before forwarding them, instead "[e]verything was – was basically forwarded." *Id*. at 146-47. He also downloaded all of the documents and emails in his "BAE Concerns" file to a personal external drive immediately prior to traveling to Dubai, purportedly to obtain medical treatment.

On September 23, 2013, BAE Systems served a Notice of Inspection on Hosch requesting a forensic examination of his personal computers and electronic devices and on line accounts. *Id*., Ex. A. On October 4, 2013, BAE Systems served a Revised Notice of Inspection on Hosch, changing the date of the proposed inspection (the "Revised Notice"). *Id*., Ex. D. The Revised Notice requested:

- all non-privileged data relevant to the parties' Claims and Defenses;
- all documents responsive to BAE Systems' written discovery requests;
- all documents and data related to Hosch's removal, downloading, uploading, use, disclosure, retention and spoliation of documents and data of BAE Systems and relevant or responsive documents by Hosch; and
- all documents and data related to Hosch's unauthorized access to and use of the databases and data of BAE Systems.

*Id*. at 4. BAE Systems anticipates that the inspections contemplated by the Revised Notice will identify the property of BAE Systems in Hosch's possession, provide critical evidence of the full extent of Hosch's scheme to sabotage BAE Systems' operations in the Eastern Region, and reveal the full extent of Hosch' efforts to steal Company data and spoliate and conceal evidence.

On October 9, 2013, Hosch objected to the Revised Notice, stating that it "far exceed[ed] the scope of Rule 26 of the Federal Rules of Civil Procedure." *Id*., Ex. B at 3. Hosch claimed that the Revised Notice was "not relevant to any party's claim or defense [and was not] reasonably calculated to lead to the discovery of admissible evidence." *Id*. Hosch also claimed that the Revised Notice "assume[d] facts not in evidence" because BAE Systems had not shown that Plaintiff "removed, downloaded, uploaded, used, disclosed, retained, and spoliated any

4

relevant documents or that he had any unauthorized access to or use of the databases and data of BAE Systems." *Id*. (internal quotations omitted).

Hosch's objections should be rejected. The Revised Notice seeks evidence that is central to his claims and BAE Systems' defenses in this lawsuit. Hosch has admitted under oath that he has removed and retained BAE Systems' property and data by, among other means, sending them to his personal email addresses and saving them to a backup drive. *See, e.g.,* Bertram Decl., Ex. C at 145 (Hosch Dep. Tr.). Moreover, he does not dispute that he downloaded and deleted and then retained on his personal devices "all" communications relevant to the claims he asserts in this lawsuit. *See id.* at 146. In addition, as described in more detail, Hosch has refused to produce numerous documents responsive to BAE Systems' discovery requests.

There is simply no basis to preclude BAE Systems from proceeding with the inspection set forth in the Revised Notice. Hosch concedes that he has Company data and responsive documents and data on his personal computers, devices and databases. Nevertheless, he has refused to make a full production of BAE Systems' data or to produce all responsive data from his personal computers, devices and databases in response to BAE Systems' repeated demands since his termination, including its discovery requests in this proceeding. His dogged refusal to return and produce data – particularly when coupled with his admitted spoliation activity – more than justifies BAE Systems' request for an inspection of their computers and devices.

Consequently, Hosch's objections should be rejected and he should be ordered to comply with the Notices.

## II. ARGUMENT

### A. Legal Standards

Under Rule 37(a) of the Federal Rules of Civil Procedure, a party may move for an order compelling discovery. Fed. R. Civ. P. 37(a). This motion may be made when a party "fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 26 of the Federal Rules of Civil Procedure provides that a party may obtain discovery on information "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevance is construed broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Cappetta v. GC Services Ltd. Partnership*, 2008 WL 5377934, at *2 (E.D. Va. Dec. 24, 2008) (internal quotation marks, citations and alterations omitted).

Rule 26(c) places upon a party resisting discovery on the grounds of confidentiality the burden to show the need for protection, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Great American Ins. Co. v. Gross*, 2007 WL 1577503, at *12 (E.D. Va. May 30, 2007) (quotation marks omitted). As such, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the" Rule 26(c) test." *NewMarket Corp. v. Innospec Inc.*, 2011 WL 2144695, at *4 (E.D. Va. May 25, 2011). Hosch cannot meet this burden.

### B. Hosch Should Be Compelled To Submit To A Forensic Inspection

BAE Systems is entitled to an inspection of Hosch's computers, electronic devices, and online accounts. The Revised Notice seeks relevant information on Hosch's devices that goes to

6

the core of the claims in this lawsuit. It is undisputed that Hosch removed, transmitted to and through his personal accounts and devices, BAE Systems' confidential information. For example, Hosch admitted that he forwarded portions of BAE Systems' contract with the federal government to his personal email account on April 26, 2012. Bertram Decl., Ex. C at 125-29 (Hosch Dep. Tr.). In fact, Hosch admitted that he "automatically forwarded" "all the emails [he] had in [his] inbox or saved on [his] BlackBerry or BAE account" to his personal email address. *Id*. at 146-147. Moreover, as described more fully in BAE Systems' Motion to Compel Production of Documents and Responses to Interrogatories (filed November 29, 2013), he has refused to produce a number of categories of documents responsive to BAE Systems' discovery requests. The most logical place to obtain evidence of this and related activity is Hosch's personal electronic devices and databases.

Moreover, Hosch concedes that he deleted a substantial number of relevant and responsive documents. For example, Hosch admitted deleting documents that comprised the basis of his reports in his calls to BAE Systems' Ethics Hotline. *Id*. at 355-356. Hosch also testified that he might have deleted several documents belonging to BAE Systems. *See, e.g., id*. at 427-429 (admitting that Hosch was "not sure" whether he deleted "the clearance expiring document" but that he "did delete some stuff that was on [his] computer that [he] was using"). Hosch refused to answer BAE Systems' Interrogatory No. 18, which requested that he identify and describe all computers, storage and communications sites or devices that he has had or used since December 2007. *See* Bertram Decl., Ex. E. Similarly, Plaintiff failed to provide ***any*** information concerning responsive documents he concedes he spoliated, despite a specific instruction requesting this information. *See id*.; *see also* Bertram Decl., Ex. F at 4. Given Hosch's failure to respond to these requests and to make a complete production, it is clear that a

forensic inspection is the only way BAE Systems will obtain a full production and learn the full extent of Hosch's spoliation activities.

Courts across the country have not hesitated to order inspection of computers and electronic devices in analogous circumstances. An instructive and analogous example is provided in *Genworth Fin. Wealth Mgmt., Inc. v. McMullan*, 267 F.R.D. 443 (D. Conn. 2010). In *Genworth*, the company presented evidence that the defendants used their personal computers and email addresses to "download, access, and transmit the company's proprietary information" and then spoliated evidence in an effort to conceal their wrongdoing. *Id*. at 447-48. The company sought an order compelling the defendants to produce a mirror image of their personal computer hard drives and for those images to be searched for responsive information. The *Genworth* court granted the request, concluding that because the company had "alleged and provided evidence supporting its contention that the Defendants used 'the computers, which are the subject of the discovery request, to secrete and distribute plaintiff's confidential information' there [was] a sufficient nexus between Genworth's claims and its need to obtain a mirror image of the computer's hard drive." *Id*. at 448 (citing *Ameriwood Industries, Inc. v. Liberman*, 2006 WL 3825291 (E.D. Mo. Dec. 27, 2006)); *see also Kolon Industries, Inc., v. E.I. Du Pont de Nemours and Co.*, 2012 WL 604137, at *6 (E.D. Va. Feb. 23, 2012) (granting motion to compel a party to produce forensic image of computer); *Orrell v. Motorcarparts, Inc.*, 2007 WL 4287750, at *7 (W.D.N.C. Dec. 5, 2007) (allowing employer to conduct computer forensic examination of former employee's personal computer under Rule 34 due to deletion activity and contradictory testimony about existence of information).

Likewise, in *Balboa Threadworks, Inc. v. Stucky*, the court permitted the plaintiff to make mirror images the defendants' business and personal computers in order to determine whether

any of the plaintiff's copyrighted materials were on the defendants' computers. 2006 WL 763668, at *4 (D. Kan. Mar. 24, 2006). The court noted that "it is not unusual for a court to enter an order requiring the mirror imaging of the hard drives of any computers that contain documents responsive to an opposing party's request for production of documents," and that imaging is a method of "assuring the preservation of evidence since electronic evidence can easily be erased and manipulated, either intentionally or unintentionally." The court ordered that "all of Defendants' computers and peripheral equipment, such as ZIP Drives, shall be made available for mirror imaging" and that the plaintiff be permitted to search the images. *Id.* at **3-5.[1]

BAE Systems' requested inspection is also justified and necessary. It is undisputed that Hosch routinely accessed and sent to his personal email account confidential BAE Systems documents and data. Bertram Decl., Ex. C at 146-47 (Hosch Dep. Tr.). It is also undisputed that he downloaded an entire file of documents, email and other data to an external drive and deleted data from one or more of the computers he used while working for BAE Systems "once [he knew he] was leaving." *Id*. at 355-56. Hosch now refuses to produce BAE Systems documents and data in his possession and other relevant documents in response to BAE Systems' discovery

---

[1] *See also Cenveo Corp. v. Slater*, 2007 WL 442387 (E.D. Pa. Jan. 31, 2007) (permitting employer to use expert to create mirror image of former employee's personal computer to review and retrieve employer's confidential and trade secret information stored on the computer); *Frees, Inc. v. McMillian*, 2007 WL 184889, at *5 (W.D. La. Jan. 22, 2007) (permitting employer to mirror image former employee's personal computer to review and retrieve employer's confidential and proprietary information); *Ameriwood Industries, Inc. v. Liberman*, 2006 WL 3825291, at **3-4 (E.D. Mo. Dec.27, 2006) (permitting imaging and review of computers, noting that "discrepancies or inconsistencies in the responding party's discovery responses may justify a party's request to allow an expert to create and examine a mirror image of a hard drive."). In addition, personal electronic devices can be inspected to review potentially deleted computer records, including deleted emails. *See Antioch Co. v. Scrapbook Borders, Inc*., 210 F.R.D. 645, 652-53 (D. Minn. 2002) (permitting "mirror imaging" of a hard drive under Rule 34 in order to retrieve deleted computer records, including email).

requests. Under these circumstances, forensic imaging of Hosch's computers and devices is more than warranted. *See Ameriwood Industries*, 2006 WL 3825291, at **3-4, 6; *Balboa Threadworks*, 2006 WL 763668, at *4.

### III.     CONCLUSION

For the foregoing reasons, BAE Systems respectfully requests that Hosch be compelled to comply with BAE Systems' Revised Notice of Inspection dated October 4, 2013. BAE Systems also requests pursuant to Rule 37 that the Court award it the fees that it incurred in preparing and filing this Motion.

BAE SYSTEMS INFORMATION
SOLUTIONS INC.

*By Counsel*

*/s/  Connie N. Bertram*
Connie N. Bertram
VA Bar No. 31713
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Suite 400 South
Washington, D.C. 20004-2533
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
cbertram@proskauer.com

Counsel for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this the 29th day of November, 2013, a true and correct copy of the foregoing Defendant BAE Systems Information Solution Inc.'s Memorandum in Support of its Motion to Compel Forensic Inspection was served with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>R. Scott Oswald
>Adam Augustine Carter
>THE EMPLOYMENT LAW GROUP, P.C.
>888 17th Street, N.W., 9th Floor
>Washington, D.C. 20006
>(202) 261-2803
>(202) 261-2835 (facsimile)
>soswald@employmentlawgroup.com
>acarter@employmentlawgroup.com
>*Counsel for Plaintiff*

>*/s/ Connie N. Bertram*
>Connie N. Bertram