# EXHIBIT B



THE EMPLOYMENT LAW GROUP®

Adam Augustine Carter
Direct Dial 202.261.2803
acarter@employmentlawgroup.com

October 9, 2013

**VIA ELECTRONIC MAIL**

Connie N. Bertram, Esq.
Proskauer
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004
cbertram@proskauer.com

      RE:   **Objections to notice of inspection**

Dear Connie:

      We are in receipt of your revised Notice of Inspection dated October 4, 2013 in which you delayed the proposed date for inspecting my client's personal electronic devices. This letter and the formal objections below respond to that notice.

      We do not agree that you have good or appropriate grounds for requesting an inspection of our client's personal electronic devices. We continue to have significant and justifiable concerns with your request to inspect my client's personal computers and electronic and communications devices. While we are always willing to meet and confer with you to discuss a resolution to our concerns, it is difficult to continue this process and to have my client continue to incur unnecessary costs when your notice of inspection is a blatant fishing expedition not even remotely calculated to lead to the discovery of admissible evidence. Your request has no relation to my client's claims.

      There are not any facts or evidence presented thus far that suggest any reason the inspection would yield admissible evidence or that the devices you seek to inspect ever contained any documentation remotely relevant to BAE Systems. You assert that my client "has not produced all BAE Systems' communications and documents on his computers and devices, used personal devices, including a laptop and a cell phone, to conduct Company business, and deleted data from his Company-issued Blackberry." My client did not use a personal laptop or cell phone to conduct Company business nor did he delete data from his Company-issued Blackberry. My client has also produced to you 516 pages of documents that were within his control or custody and that were responsive to your document requests. All other remotely relevant data has also been appropriately preserved. Your unsupported allegations are insufficient to justify a notice of inspection under Rule 34 of the Federal Rules of Civil Procedure. That said, please find below our formal objections.

The Employment Law Group
A Professional Corporation

888 17th Street, NW
Suite 900
Washington, D.C. 20006-3307

Telephone: 202.331.2883
Facsimile: 202.261.2835
www.employmentlawgroup.com

Connie N. Bertram, Esq.
October 9, 2013
Page 2 of 3


Please give me call at (202) 261-2803 so we can resolve your concerns.  Thank you.


Very Truly Yours,
The Employment Law Group, PC

Adam Augustine Carter

Connie N. Bertram, Esq.
October 9, 2013
Page 3 of 3

## <u>OBJECTIONS TO NOTICE OF INSPECTION</u>

Plaintiff objects to this Notice of Inspection because it far exceeds the scope of Rule 26 of the Federal Rules of Civil Procedure. This Notice is not relevant to any party's claim or defense nor is it reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the information sought is already in the possession, custody, or control of Defendant. Defendant issued Interrogatory No. 12 asking Plaintiff to identify "all documents of or relating to BAE Systems…that [Plaintiff] removed or received from BAE Systems during or after [Plaintiff's] employment with SAIC or BAE Systems." Plaintiff provided Defendant documents responsive to this Interrogatory and noted that all responsive documents were in the possession of his attorneys "on the firm's servers and on an external hard drive." Pursuant to Defendant's request in a letter dated October 4, 2012 and consistent with Plaintiff's certification to Defendant on November 6, 2012, Plaintiff's attorneys imaged Plaintiff's external hard drive which contained information regarding BAE Systems or Plaintiff's claims against BAE Systems. Plaintiff also objects to the extent this Notice assumes facts not in evidence, specifically that Plaintiff "remov[ed], download[ed], upload[ed], us[ed], disclos[ed], ret[ained], and spoliat[ed]" any relevant documents or that he had "any unauthorized access to or use of the databases and data of BAE Systems." There is no factual basis in the record to support these contentions.