# EXHIBIT E

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **CORNELIUS V. HOSCH,**        ) | |
|                      ) | |
|        **Plaintiff**,        ) | |
|                      ) | |
| **v.**                      ) | **Case No.: 1:13-cv-00825-AJT-TCB** |
|                      ) | |
| **BAE SYSTEMS INFORMATION**  ) | |
| **SOLUTIONS, INC.,**        ) | |
|                      ) | |
|        **Defendant**.      ) | |

## PLAINTIFF'S OBJECTIONS TO BAE SYSTEMS'
## FIRST SET OF INTERROGATORIES

Plaintiff Cornelius Hosch ("Hosch" or Plaintiff), by and through undersigned counsel, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26, hereby files the following Objections to Defendant BAE Systems' First Set of Interrogatories.

### GENERAL OBJECTIONS

1.    Plaintiff objects to the Defendant's Interrogatories, including their definitions and instructions, to the extent they seek to impose upon Plaintiff an obligation that is inconsistent with or greater than that imposed by the Federal Rules of Civil Procedure.

2.    Plaintiff objects to the Interrogatories to the extent that they seek information which is within the exclusive possession, custody, or control of any individual, entity, or organization other than Plaintiff.

3.    Plaintiff objects to the Interrogatories to the extent that the information they seek is equally accessible and available to the Defendant or is a matter of public record.

4.      Plaintiff objects to Interrogatories to the extent they seek information already in the possession, custody, or control of the Defendant on the ground that it would be unduly burdensome to require Plaintiff to provide such information

5.      Plaintiff objects to the Interrogatories as unreasonably cumulative or duplicative to the extent they seek information that already has been sought by Defendant in other discovery requests, and to the extent the Interrogatories are themselves duplicative.

6.      Plaintiff objects Interrogatories to the extent they seek information that is protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.  The inadvertent disclosure of such information is not intended to be a waiver of any privilege or protection and shall not be deemed a waiver of any privilege or protection.

7.      Plaintiff objects to the Interrogatories to the extent they are overly broad and unduly burdensome.

8.      Plaintiff objects to the Interrogatories to the extent that they are vague or ambiguous or fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Plaintiff.

9.      Plaintiff objects to the Interrogatories to the extent that they fail to specify or limit the applicable time period.

10.      Plaintiff objects to the Interrogatories to the extent that they seek information concerning Plaintiff's contentions or positions regarding legal issues in this litigation as being overly broad and premature because discovery in this action is continuing and incomplete. Plaintiff further objects to the Interrogatories to the extent that they call for a legal interpretation and/or require a legal conclusion, and therefore, is beyond the permissible scope of discovery.

11.     Plaintiff objects to all Interrogatories propounded by the Defendant in which they request information, answers or materials that, contrary to the spirit and letter of Rules 33, 34 and 36 of the Federal Rules of Civil Procedure, are not relevant to the issues in dispute in this litigation, or are not reasonably calculated to lead to the discovery of admissible evidence.

12.     Plaintiff reserves the right to assert additional objections to the Interrogatories as appropriate and to amend or supplement these objections in accordance with the applicable rules and orders upon discovery during the course of this action with further responsive information. Plaintiff also reserves the right to object to the use of any of her responses at the hearing or proceeding, as Plaintiff deems necessary and/or appropriate.  To the extent that Plaintiff may provide information or documents in response to any Interrogatory herein, Plaintiff does so without limiting or waiving any of the substantive objections she may otherwise have available.

13.     By agreeing to respond to any specific Interrogatory, Plaintiff does not, in any way, waive his right to object on grounds of relevance, privilege, or the admissibility of the response as evidence for any purpose in this action or any other action.

14.     Each of these general objections is incorporated by this reference into each specific objection set forth below.  By setting forth such specific objections, Plaintiff does not intend to limit or otherwise restrict the general objections as set forth above.

**SPECIFIC OBJECTIONS TO DEFENDANT'S
FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1**

Identify each person who you believe or know has knowledge of any event or fact alleged in the Amended Complaint or who you anticipate calling or using as a witness in support of any motion or at any hearing or trial in this action, and, as to each person, provide a summary of the knowledge or information you believe such person possesses and such person's anticipated statement or testimony.  In connection with your response to this Interrogatory, you should provide the requested information for each person: (a) who participated in any events or facts described in the Amended Complaint; (b) whose testimony or statements you intend to rely upon

3

in support of your claims; (c) who witnessed or has knowledge (of any form and from any source) of such events or facts; (d) who communicated with you concerning any such events or acts; and (e) who will provide any testimony, statements or evidence in support of your claims at any hearing or trial in this action.

## OBJECTIONS TO INTERROGATORY NO. 1

In addition to the general objections set forth above, Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, and seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and is not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 2

Identify each person from whom you have sought or obtained or are obtaining a written statement, declaration, or affidavit regarding your employment with BAE Systems or any allegation set forth in your Amended Complaint or that you will use or seek to admit in this action, and produce each draft of the statement, declaration or affidavit and all communications concerning it.

## OBJECTIONS TO INTERROGATORY NO. 2

In addition to the general objections set forth above, Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

## INTERROGATORY NO. 3

Identify each contractor or employer you have been employed by, been retained by, performed work for or from whom you have received any type of compensation since you attended secondary school, and, for each employer or contractor, identify: (a) the name, address and telephone number of the employer or contractor; (b) the period of employment or work; (c) all positions held; (d) the names of all supervisors; (e) all compensation and benefits received; (f) any complaints you made to or about that employer or contractor; (g) any administrative or judicial complaints, investigations, or proceedings you filed or initiated regarding that employer

or contractor; (h) any discipline received; (i) the reason(s) for your departure from the employer or contractor; and (j) any compensations or benefits of any type received in connection with the termination of your employment or work.  If you entered into an agreement of any kind in connection with your departure from employment or work, explain the circumstances, including the terms of the agreement.

## OBJECTIONS TO INTERROGATORY NO. 3

In addition to the general objections set forth above, Plaintiff objects to this Interrogatory on the grounds that it is compound in that it comprises multiple Interrogatories within a single Interrogatory.  Plaintiff further objects to the extent this Interrogatory is unduly burdensome, vague, ambiguous, and overly broad in both time and scope and is not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 4

Describe each communication or other act by you, on your behalf or associated with others that you contend is or was protected or covered under the Department of Defense Whistleblower Statute, 10 U.S.C. § 2409(a), and/or the False Claims Act, 31 U.S.C. § 3730(h), and, for each such act, identify and describe: (a) the date of the act; (b) each individual, including members of the military and the Department of Defense, Office of Inspector General, with knowledge of the act and their knowledge of the act; and (c) each document or item of evidence that describes, relates to, or that you will rely upon in any way in attempting to prove the alleged act.

## OBJECTIONS TO INTERROGATORY NO. 4

In addition to the general objections set forth above, Plaintiff objects to this Interrogatory on the grounds that it calls for a legal conclusion, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

## INTERROGATORY NO. 5

Describe each instance in which you contend that BAE Systems retaliated or committed acts of reprisal against you, including without limitation, a description of: (a) the date, time and location of the alleged act of retaliation; (b) each and every act by you or on your behalf that allegedly resulted in the retaliation; (c) the person who allegedly retaliated against you; (d) how that person allegedly retaliated against you, including a description of any statements made by the person who allegedly retaliated against you; (e) each person who witnessed or was present

during the alleged retaliation; (f) each person, including members of the military and the Department of Defense, Office of Inspector General, who has knowledge of the alleged retaliation and the knowledge possessed by each such person; and (g) each item of evidence that describes, relates to, or that you will rely upon in any way in attempting to prove the alleged retaliation.

## OBJECTIONS TO INTERROGATORY NO. 5

In addition to the general objections set forth above, Plaintiff objects to this Interrogatory on the grounds that it calls for a legal conclusion and seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Plaintiff further objects to the extent this Interrogatory is overly broad, unduly burdensome, vague, ambiguous, and compound in that it comprises multiple Interrogatories within a single Interrogatory.

## INTERROGATORY NO. 6

Identify the amount and basis for determining the amount of all damages that you seek in this action, including, but not limited to, the identity of each person who has knowledge of or will support your claim for such damages (including without limitation mental and emotional distress damages and harm to reputation), each document or other item of evidence that supports your claim for such damages, and the precise basis for calculating each category of damages sought.

## OBJECTIONS TO INTERROGATORY NO. 6

In addition to the general objections set forth above, Plaintiff objects to this Interrogatory on the grounds that it is premature as discovery is ongoing and seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

## INTERROGATORY NO. 7

Identify, on a monthly basis, the amount(s) of back pay, front pay, and lost wages or income, including any and all lost fringe benefits, monetary or otherwise to which you claim to be entitled, including, but not limited to, the identity of each person who has knowledge of or will support your claim for such damages, each document or other item of evidence that supports your claim for such damages, and the precise basis for calculating each aspect of the amount of such damages.

## OBJECTIONS TO INTERROGATORY NO. 7

In addition to the general objections set forth above, Plaintiff objects to this Interrogatory on the grounds that it is premature as discovery is ongoing and seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

## INTERROGATORY NO. 8

Identify all amounts of money or income that you have received from any source since December 2007. Your answer should specify the source, the amount, and the date(s) of payment.

## OBJECTIONS TO INTERROGATORY NO. 8

In addition to the general objections set forth above, Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome, vague, ambiguous, and overly broad in time and calls for information or documents already in the possession, custody, or control of Defendant.

## INTERROGATORY NO. 9

Please identify and describe all attempts that you have made to seek employment with any employer other than BAE Systems since January 1, 2007. Your answer should include, without limitation, the following information regarding each employer that you contacted in connection with such attempts: (a) the name and address of the potential employer; (b) the date on which you contacted the employer; (c) how you contacted the employer; (d) the individuals with whom you communicated; (e) whether you received an offer; and (f) if so (1) the terms of such offer, including the position offered and the salary and benefits offered; (2) whether you accepted the offer; and (3) the period during which you worked for such employer.

## OBJECTIONS TO INTERROGATORY NO. 9

In addition to the general objections set forth above, Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome, vague, ambiguous, and overly broad in time and is not reasonably calculated to lead to the discovery of admissible evidence.  To the extent this Interrogatory seeks information regarding Hosch's current employer, Plaintiff will only provide responsive answers if Defendant agrees to a protective order.

## INTERROGATORY NO. 10

Identify each health or medical care provider including, but not limited to, medical doctors, psychologists, social workers and counselors who evaluated or provided treatment to you for any mental, emotional or psychological condition or problem prior to the date you contend BAE Systems engaged in any act of alleged retaliation or reprisal, and for each provider, identify: (a) the dates you consulted with or obtained treatment from such provider; (b) the symptoms or conditions for which you sought treatment; (c) the diagnosis and prognosis of the provider; (d) the treatment, including prescriptions, prescribed by and received from the provider; (e) all reimbursed and unreimbursed fees or expenses you incurred in connection with such treatment or services; and (f) every document in your possession, custody or control relating to such provider or the treatment or services that you received from such provider.  For the purpose of this Interrogatory, the term "counselor" does not include your attorney(s) or counselors-at-law.

## OBJECTIONS TO INTERROGATORY NO. 10

In addition to the general objections set forth above, Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 11

Identify each health or medical care provider including, but not limited to, medical doctors, psychologists, social workers and counselors who have evaluated or provided treatment to you for any mental, emotional or psychological condition or problem that you contend BAE Systems has caused, and for each provider, identify: (a) the dates you consulted with or obtained treatment from such provider; (b) the symptoms or conditions for which you sought treatment; (c) the diagnosis and prognosis of the provider; (d) the treatment, including prescriptions, prescribed by and received from the provider; (e) all reimbursed and unreimbursed fees you incurred in connection with such treatment or services; and (f) every document in your possession, custody or control relating to such provider or the treatment or services that you received from such provider. For the purpose of this Interrogatory, the term "counselor" does not include your attorney(s) or counselors-at-law.

## OBJECTIONS TO INTERROGATORY NO. 12

In addition to the general objections set forth above, Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 12

Identify any and all documents of or relating to BAE Systems in your possession, custody or control or that you removed or received from BAE Systems during or after your employment with SAIC or BAE Systems, and for each such document, describe: (a) the location, whether physical or electronic, from which the document was removed; (b) the date and time the document was removed; (c) the circumstances of the removal of the document; (d) each person with knowledge of the removal of the document; (e) the current location of the document, and any copies thereof; (f) each person who received or is in possession of the document, or a copy thereof; and (g) if the document no longer exists, the circumstances of the loss or destruction of it, including the date of the loss or destruction and all witnesses with knowledge of the loss or destruction.

## OBJECTIONS TO INTERROGATORY NO. 12

In addition to the general objections set forth above, Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome, vague, ambiguous, and overly broad in time and scope.  Plaintiff further objects to the extent this Interrogatory calls for information or documents already in the possession, custody, or control of Defendant and is not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 13

Identify any other individual(s) who you contend were subjected to acts of retaliation or reprisal in violation of the False Claims Act, 31 U.S.C. § 3730(h), and/or the Department of Defense Whistleblower Statute, 24 U.S.C. § 2409(a), and, for each such individual, identify and describe: (a) the protected action(s) in which he or she engaged; (b) the action(s) by BAE Systems that you contend were retaliatory; (c) the date of such allegedly retaliatory action(s); (d) all individual(s) who witnessed or have knowledge of such allegedly retaliatory action(s); and (e) any documents in your possession, custody or control relating to the alleged act(s) of retaliation or reprisal.

## OBJECTIONS TO INTERROGATORY NO. 13

In addition to the general objections set forth above, Plaintiff objects to this Interrogatory on the grounds that it calls for a legal conclusion, seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects on the ground

this Interrogatory is compound in that it comprises multiple separate interrogatories within a

single Interrogatory.

## INTERROGATORY NO. 14

If you contend that any admissions against interest have been made by BAE Systems concerning the allegations set forth in the Amended Complaint, please identify each such admission in as close to verbatim as possible. Your response shall include, but not be limited to the following information: (a) the person who made the admission; (b) the date, time and place of the admission; and (c) the identity of each person who witnessed or overheard the admission.

## OBJECTIONS TO INTERROGATORY NO. 14

In addition to the general objections set forth above, Plaintiff objects to this Interrogatory

on the grounds that it calls for a legal conclusion and is overly broad, unduly burdensome, vague,

and ambiguous.

## INTERROGATORY NO. 15

Identify the "government customer" who allegedly "approached Hosch and asked Hosch if Hosch was leaving," as alleged in Paragraph 51 of the Amended Complaint.

## OBJECTIONS TO INTERROGATORY NO. 15

Plaintiff has no specific objections in addition to the general objections above.

## INTERROGATORY NO. 16

Identify each address where you have resided since December 2007, including the various residences in which you have resided in Afghanistan. For each residence, identify: (a) the dates you resided at each such residence; (b) all persons who lived with you at each residence; and (c) the current or last known addresses of all persons who lived with you at each residence and your relationship with these persons.

## OBJECTIONS TO INTERROGATORY NO. 16

In addition to the general objections set forth above, Plaintiff objects to this Interrogatory

on the grounds that it is unduly burdensome, vague, ambiguous, and overly broad in both time

and scope. Plaintiff further objects to the extent this Interrogatory calls for information or

documents already in the possession, custody, or control of Defendant and is not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 17

Identify each time that you have been a witness, claimant or party in any civil, administrative or criminal proceeding, including: (a) each time that you have been convicted of or pled guilty to a criminal offense; (b) any civil, administrative, and other proceedings, lawsuits or charges filed by you or on your behalf; (c) any civil, administrative and other proceedings, lawsuits or charges filed against you; and (d) any lawsuits, criminal proceedings or other court or administrative proceedings in which you have been called or testified as a witness.

## OBJECTIONS TO INTERROGATORY NO. 17

In addition to the general objections set forth above, Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome, vague, ambiguous, and overly broad in time and scope, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

## INTERROGATORY NO. 18

Identify and describe each computer, storage and communications site or device (including, but not limited to laptops, iPads, cell phones, smart phones, Blackberries, PDAs and other devices, and all cloud storage sites or services or other external storage sites), that you have had or used since December 2007.

## OBJECTIONS TO INTERROGATORY NO. 18

In addition to the general objections set forth above, Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome, vague, ambiguous, and overly broad in both time and scope.  Plaintiff further objects to the extent that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 19

Identify each personal and work email account and address, instant message account, tag name, blog, social media account, Internet profile and page (including but not limited to Facebook, Google+, Twitter, You Tube, LinkedIn, foursquare, Instagram, and MySpace accounts) that you have, have had or used to communicate and/or post information or images since December 2007 and, for each such account or site: (a) identify the provider of the site or account; (b) state the date the account was created or the site was first used; (c) state whether the account is public or private and, if private, describe what privacy limitations are in use on the account or site; and (d) state whether any data communicated or posted by you has been removed or deleted from these accounts or sites.

## OBJECTIONS TO INTERROGATORY NO. 19

In addition to the general objections set forth above, Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome, vague, ambiguous, and overly broad in both time and scope.  Plaintiff further objects to the extent this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 20

Describe your relationship with and work for Hosch Enterprises, LLC since December 2007 including without limitation: (a) your role in founding the company; (b) your position(s) with the company; (c) your investment in the company; (d) your ownership interest in the company and the value of that interest; (e) the form of your ownership interest; (f) the work performed by you for the company; (g) each proposal on which you have worked; (h) each contract on which you have worked or billed time; (i) all compensation received from it; (j) the number of hours worked by you for the company between December 5, 2011 and May 21, 2012; and (k) the compensation received by you for work performed during that period.

## OBJECTIONS TO INTERROGATORY NO. 20

In addition to the general objections set forth above, Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Dated: September 3, 2013

                                  Cornelius V. Hosch
*By Counsel*

R. Scott Oswald
VSB # 41770
Adam Augustine Carter
VSB # 32722
The Employment Law Group, P.C.
888 17th Street, NW, 9th Floor
Washington, DC  20006
(202) 261-2803
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
acarter@employmentlawgroup.com
*Counsel for the Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing Plaintiff's Objections to Defendant's First Set

of Interrogatories was served via hand delivery, this 3rd day of September, 2013, upon:

Connie N. Bertram, Esq.
Proskauer Rose LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC  20004
cbertram@proskauer.com
*Counsel for Defendant*

Adam Augustine Carter