# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CORNELIUS V. HOSCH, )
)
        Plaintiff, )
) Case No. 1:13-CV-00825
v. )
)
BAE SYSTEMS INFORMATION )
SOLUTIONS, INC., )
)
        Defendant. )
)

**DEFENDANT'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant BAE Systems Information Solutions, Inc. ("BAE Systems" or "Defendant") hereby requests that Plaintiff Cornelius V. Hosch ("Hosch," "Plaintiff" or "you") respond to each of the following Interrogatories.

**DEFINITIONS**

1.    "BAE Systems " or "Defendant" means BAE Systems Information Solutions, Inc., its agents, employees, officers, directors, principals and other representatives, and its predecessors, successors, parents, or assigns, collectively and singularly, and their agents, employees, officers, directors, principals, contractors, and other representatives.

2.    Unless expressly limited in a particular Interrogatory, the term "you," "Plaintiff," or "Hosch" means Plaintiff Cornelius V. Hosch, and his agents and attorneys

3.    "CIED Contract" means the contract for Counter-Improvised Explosive Device Analysis Support to US Forces-Afghanistan, Order No. HHM402-08-D-0001/0017 between BAE Systems and the Department of the Army.

4. "Document" means any writing, record, or data in any form or medium (including, by non-limiting example, paper, diaries, journals, hand written notes, planner or calendar entries, chronologies, logs, Internet posts, letters, emails, text messages, instant messages, weblog ("blog") messages or entries, tweets, social networking site and other website messages or entries, data in cloud storage and backup tapes and storage, voicemail messages, video recordings, audio recordings, films, tapes, photographs, disks, wire, memory banks or circuits or other electronically stored information), and any physical object or thing, whether or not privileged, which is in Plaintiff's actual or constructive possession, custody or control. "Document" also includes the original of any document in whatever form or medium it may exist, and all versions or copies of each such document bearing, on any sheet or side thereof, any marks (including initials, stamped indicia, or any comment or notation of any character) not a part of the original text, or any reproduction thereof.

5. The term "communication" means any manner or form of information, memorandum, notes, communication, entry, message or transmission, however produced or reproduced, whether by "document" as defined herein or orally or otherwise, which is made by you or others or which is distributed or circulated among persons, or data storage or processing units, including computer data storage and processing units and cloud storage, and any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly to a communication.

6. The term "person" includes natural persons, entities recognized by law as persons, such as corporations and partnerships, and federal, state and local agencies, departments, law enforcement officials and officers, and other representatives and entities.

7. "Relating to" means to make a statement about, refer to, discuss, describe, reflect, identify, deal with, consist of, explain, comprise, or in any way pertain in whole or in part, directly or indirectly, to the subject identified.

8. "Identify:"

    a. when used with respect to a person or entity, means:

        (1) state his or her full name; and

        (2) state his or her last known residence and business addresses and telephone numbers and last known employer, or, if an entity, its last known business address;

    b. when used with respect to a communication, means:

        (1) identify each person participating in or present during the communication;

        (2) state the type and manner of the communication;

        (3) state the date and location of the communication;

        (4) describe the substance of the communication;

        (5) state whether the conversation was recorded; and

        (6) identify each other person with knowledge of the communication.

    c. when used with respect to a document or other tangible thing, means:

        (1) describe the type of document or tangible thing (e.g., memorandum, letter, videotape, audio tape, e-mail message, text message, instant message, blog entry or message, social networking website message or entry);

        (2) identify any titles or labels on the document or tangible thing;

        (3) state the date of the document or tangible thing;

        (4) state the author or creator of the document or tangible thing;

    (5) state the recipients of the document or tangible thing; and

    (6) state where the document or tangible thing is normally or currently maintained.

In lieu of identifying a document or tangible thing, the document or tangible thing may be referred to and produced.

## INSTRUCTIONS

1. With respect to these Interrogatories:

  a. the use of the singular form of any word includes the plural and vice versa;

  b. the words "and" and "or" are conjunctive and disjunctive; and

  c. "each" shall include the terms "each and every."

2. These Interrogatories are continuing in nature. Plaintiff should supplement his answers to reflect any additional information obtained or discovered at any time prior to trial.

3. If Plaintiff claims that a communication or document is protected from production by the attorney-client privilege, the work product doctrine, or any other privilege or protection, Plaintiff should supply at the time of answering these Interrogatories a schedule that specifically identifies each such document or communication by date, author(s), the person(s) to whom the document or communication was directed, the nature of the document or communication (e.g., letter, e-mail message, instant message, text message, video recording, audio recording, memorandum or tape recording), subject matter, title, and number of pages, and the basis for withholding the document or communication.

4. If any document responsive to one or more Interrogatories was lost, destroyed or otherwise no longer exists, describe (a) the document, including the type of document, the source of it, the author and recipients of it and the date of it; (b) the circumstances of the loss or

destruction of the document, including the date of the loss or destruction; and (c) each witness with knowledge of the loss or destruction.

### INTERROGATORIES

1. Identify each person who you believe or know has knowledge of any event or fact alleged in the Amended Complaint or who you anticipate calling or using as a witness in support of any motion or at any hearing or trial in this action, and, as to each person, provide a summary of the knowledge or information you believe such person possesses and such person's anticipated statement or testimony.  In connection with your response to this Interrogatory, you should provide the requested information for each person: (a) who participated in any events or facts described in the Amended Complaint; (b) whose testimony or statements you intend to rely upon in support of your claims; (c) who witnessed or has knowledge (of any form and from any source) of such events or facts; (d) who communicated with you concerning any such events or facts; and (e) who will provide any testimony, statements or evidence in support of your claims at any hearing or trial in this action.

2. Identify each person from whom you have sought or obtained or are obtaining a written statement, declaration, or affidavit regarding your employment with BAE Systems or any allegation set forth in your Amended Complaint or that you will use or seek to admit in this action, and produce each draft of the statement, declaration or affidavit and all communications concerning it.

3. Identify each contractor or employer you have been employed by, been retained by, performed work for or from whom you have received any type of compensation since you attended secondary school, and, for each employer or contractor, identify: (a) the name, address and telephone number of the employer or contractor; (b) the period of employment or work; (c) all positions held; (d) the names of all supervisors; (e) all compensation and benefits

received; (f) any complaints you made to or about that employer or contractor; (g) any administrative or judicial complaints, investigations, or proceedings you filed or initiated regarding that employer or contractor; (h) any discipline received; (i) the reason(s) for your departure from the employer or contractor; and (j) any compensations or benefits of any type received in connection with the termination of your employment or work.  If you entered into an agreement of any kind in connection with your departure from employment or work, explain the circumstances, including the terms of the agreement.

    4.    Describe each communication or other act by you, on your behalf or associated with others that you contend is or was protected or covered under the Department of Defense Whistleblower Statute, 10 U.S.C. § 2409(a), and/or the False Claims Act, 31 U.S.C. § 3730(h), and, for each such act, identify and describe: (a) the date of the act; (b) each individual, including members of the military and the Department of Defense, Office of Inspector General, with knowledge of the act and their knowledge of the act; and (c) each document or item of evidence that describes, relates to, or that you will rely upon in any way in attempting to prove the alleged act.

    5.    Describe each instance in which you contend that BAE Systems retaliated or committed acts of reprisal against you, including without limitation, a description of: (a) the date, time and location of the alleged act of retaliation; (b) each and every act by you or on your behalf that allegedly resulted in the retaliation; (c) the person who allegedly retaliated against you; (d) how that person allegedly retaliated against you, including a description of any statements made by the person who allegedly retaliated against you; (e) each person who witnessed or was present during the alleged retaliation; (f) each person, including members of the military and the Department of Defense, Office of Inspector General, who has knowledge of

the alleged retaliation and the knowledge possessed by each such person; and (g) each item of evidence that describes, relates to, or that you will rely upon in any way in attempting to prove the alleged retaliation.

6. Identify the amount and basis for determining the amount of all damages that you seek in this action, including, but not limited to, the identity of each person who has knowledge of or will support your claim for such damages (including without limitation mental and emotional distress damages and harm to reputation), each document or other item of evidence that supports your claim for such damages, and the precise basis for calculating each category of damages sought.

7. Identify, on a monthly basis, the amount(s) of back pay, front pay, and lost wages or income, including any and all lost fringe benefits, monetary or otherwise to which you claim to be entitled, including, but not limited to, the identity of each person who has knowledge of or will support your claim for such damages, each document or other item of evidence that supports your claim for such damages, and the precise basis for calculating each aspect of the amount of such damages.

8. Identify all amounts of money or income that you have received from any source since December 2007. Your answer should specify the source, the amount, and the date(s) of payment.

9. Please identify and describe all attempts that you have made to seek employment with any employer other than BAE Systems since January 1, 2007. Your answer should include, without limitation, the following information regarding each employer that you contacted in connection with such attempts: (a) the name and address of the potential employer; (b) the date on which you contacted the employer; (c) how you contacted the employer; (d) the individuals

with whom you communicated; (e) whether you received an offer; and (f) if so (1) the terms of such offer, including the position offered and the salary and benefits offered; (2) whether you accepted the offer; and (3) the period during which you worked for such employer.

      10.     Identify each health or medical care provider including, but not limited to, medical doctors, psychologists, social workers and counselors who evaluated or provided treatment to you for any mental, emotional or psychological condition or problem prior to the date you contend BAE Systems engaged in any act of alleged retaliation or reprisal, and for each provider, identify: (a) the dates you consulted with or obtained treatment from such provider; (b) the symptoms or conditions for which you sought treatment; (c) the diagnosis and prognosis of the provider; (d) the treatment, including prescriptions, prescribed by and received from the provider; (e) all reimbursed and unreimbursed fees or expenses you incurred in connection with such treatment or services; and (f) every document in your possession, custody or control relating to such provider or the treatment or services that you received from such provider. For the purpose of this Interrogatory, the term "counselor" does not include your attorney(s) or counselors-at-law.

      11.     Identify each health or medical care provider including, but not limited to, medical doctors, psychologists, social workers and counselors who have evaluated or provided treatment to you for any mental, emotional or psychological condition or problem that you contend BAE Systems has caused, and for each provider, identify: (a) the dates you consulted with or obtained treatment from such provider; (b) the symptoms or conditions for which you sought treatment; (c) the diagnosis and prognosis of the provider; (d) the treatment, including prescriptions, prescribed by and received from the provider; (e) all reimbursed and unreimbursed fees you incurred in connection with such treatment or services; and (f) every document in your

possession, custody or control relating to such provider or the treatment or services that you received from such provider. For the purpose of this Interrogatory, the term "counselor" does not include your attorney(s) or counselors-at-law.

12. Identify any and all documents of or relating to BAE Systems in your possession, custody or control or that you removed or received from BAE Systems during or after your employment with SAIC or BAE Systems, and for each such document, describe: (a) the location, whether physical or electronic, from which the document was removed; (b) the date and time the document was removed; (c) the circumstances of the removal of the document; (d) each person with knowledge of the removal of the document; (e) the current location of the document, and any copies thereof; (f) each person who received or is in possession of the document, or a copy thereof; and (g) if the document no longer exists, the circumstances of the loss or destruction of it, including the date of the loss or destruction and all witnesses with knowledge of the loss or destruction.

13. Identify any other individual(s) who you contend were subjected to acts of retaliation or reprisal in violation of the False Claims Act, 31 U.S.C. § 3730(h), and/or the Department of Defense Whistleblower Statute, 24 U.S.C. § 2409(a), and, for each such individual, identify and describe: (a) the protected action(s) in which he or she engaged; (b) the action(s) by BAE Systems that you contend were retaliatory; (c) the date of such allegedly retaliatory action(s); (d) all individual(s) who witnessed or have knowledge of such allegedly retaliatory action(s); and (e) any documents in your possession, custody or control relating to the alleged act(s) of retaliation or reprisal.

14. If you contend that any admissions against interest have been made by BAE Systems concerning the allegations set forth in the Amended Complaint, please identify each

9

such admission in as close to verbatim as possible. Your response shall include, but not be limited to the following information: (a) the person who made the admission; (b) the date, time and place of the admission; and (c) the identity of each person who witnessed or overheard the admission.

15. Identify the "government customer" who allegedly "approached Hosch and asked Hosch if Hosch was leaving," as alleged in Paragraph 51 of the Amended Complaint.

16. Identify each address where you have resided since December 2007, including the various residences in which you have resided in Afghanistan. For each residence, identify: (a) the dates you resided at each such residence; (b) all persons who lived with you at each residence; and (c) the current or last known addresses of all persons who lived with you at each residence and your relationship with these persons.

17. Identify each time that you have been a witness, claimant or party in any civil, administrative or criminal proceeding, including: (a) each time that you have been convicted of or pled guilty to a criminal offense; (b) any civil, administrative, and other proceedings, lawsuits or charges filed by you or on your behalf; (c) any civil, administrative and other proceedings, lawsuits or charges filed against you; and (d) any lawsuits, criminal proceedings or other court or administrative proceedings in which you have been called or testified as a witness.

18. Identify and describe each computer, storage and communications site or device (including, but not limited to laptops, iPads, cell phones, smart phones, Blackberries, PDAs and other devices, and all cloud storage sites or services or other external storage sites), that you have had or used since December 2007.

19. Identify each personal and work email account and address, instant message account, tag name, blog, social media account, Internet profile and page (including but not

limited to Facebook, Google+, Twitter, You Tube, LinkedIn, foursquare, Instagram, and MySpace accounts) that you have, have had or used to communicate and/or post information or images since December 2007 and, for each such account or site: (a) identify the provider of the site or account; (b) state the date the account was created or the site was first used; (c) state whether the account is public or private and, if private, describe what privacy limitations are in use on the account or site; and (d) state whether any data communicated or posted by you has been removed or deleted from these accounts or sites.

20. Describe your relationship with and work for Hosch Enterprises, LLC since December 2007 including without limitation: (a) your role in founding the company; (b) your position(s) with the company; (c) your investment in the company; (d) your ownership interest in the company and the value of that interest; (e) the form of your ownership interest; (f) the work performed by you for the company; (g) each proposal on which you have worked; (h) each contract on which you have worked or billed time; (i) all compensation received from it; (j) the number of hours worked by you for the company between December 5, 2011 and May 21, 2012; and (k) the compensation received by you for work performed during that period.

Respectfully submitted,

/s/ Connie N. Bertram

Connie N. Bertram
VA Bar No. 31713
Attorney for Defendant
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., NW
Suite 400 South
Washington, D.C. 20004-2533
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
cbertram@proskauer.com

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August 2013, I caused a copy of the foregoing Defendant's First Set of Interrogatories to Plaintiff to be served via hand delivery on:

>R. Scott Oswald
>Adam Augustine Carter
>The Employment Law Group, P.C.
>888 17th Street, NW, 9th Floor
>Washington, DC  20006
>soswald@employmentlawgroup.com
>acarter@employmentlawgroup.com

_____
Connie N. Bertram