# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| CORNELIUS V. HOSCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:13-CV-00825 |
| v. | ) | |
| | ) | |
| BAE SYSTEMS INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S FIRST REQUESTS FOR**
**PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Defendant BAE Systems Information Solutions, Inc. ("BAE Systems" or "Defendant"), by and through undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Plaintiff produce for inspection and copying each document requested herein.

**DEFINITIONS**

1.      "BAE Systems" or "Defendant" means BAE Systems Information Solutions, Inc., its agents, employees, officers, directors, principals and other representatives, and its predecessors, successors, parents, or assigns, collectively and singularly, and their agents, employees, officers, directors, principals, contractors, and other representatives.

2.      Unless expressly limited in a particular document request, the term "you," "Plaintiff," or "Hosch" means Plaintiff Cornelius V. Hosch, and his agents and attorneys.

3.      "Document" means any writing, record, or data in any form or medium (including, by non-limiting example, paper, diaries, journals, hand written notes, planner or calendar entries, chronologies, logs, Internet posts, letters, emails, text messages, instant

messages, weblog ("blog") messages or entries, tweets, social networking site and other website messages or entries, data in cloud storage and backup tapes and storage, voicemail messages, video recordings, audio recordings, films, tapes, photographs, disks, wire, memory banks or circuits or other electronically stored information), and any physical object or thing, whether or not privileged, which is in Plaintiff's actual or constructive possession, custody or control. "Document" also includes the original of any document in whatever form or medium it may exist, and all versions or copies of each such document bearing, on any sheet or side thereof, any marks (including initials, stamped indicia, or any comment or notation of any character) not a part of the original text, or any reproduction thereof.

4.     The term "communication" means any manner or form of information, memorandum, notes, communication, entry, message or transmission, however produced or reproduced, whether by "document" as defined herein or orally or otherwise, which is made by you or others or which is distributed or circulated among persons, or data storage or processing units, including computer data storage and processing units and cloud storage, and any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly to, a communication.

5.     The term "person" includes both natural persons and those entities recognized by law as persons, such as corporations and partnerships.

6.     "Relating to" means to make a statement about, refer to, discuss, describe, reflect, identify, deal with, consist of, explain, comprise, or in any way pertain in whole or in part, directly or indirectly, to the subject identified.

7.     The use of the singular form of any word includes the plural and vice versa.

8.     The term "each" shall include the terms "each and every."

9.      "And" and "or" shall be construed both conjunctively and disjunctively, as necessary to make the request inclusive rather than exclusive.

## INSTRUCTIONS

1.      Each Request seeks the production of each document in its entirety, without abbreviation or redaction with all non-identical copies and drafts thereof, including any document appended to, included therewith, incorporated by or referred to in the document and all file folders in which any such document is contained.  Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, responsive documents shall be produced as they are kept in the usual course or Plaintiff shall organize and label responsive documents to correspond with the categories in these Requests.

2.      These Requests are continuing in nature.  You should produce any additional responsive documents that are obtained or discovered at any time prior to trial.

3.      If you claim that any document responsive to these Requests is protected from production by the attorney-client privilege, the work product doctrine or any other privilege or protection, you should supply at the time of your response a schedule that specifically identifies each such document by date, author(s), the person(s) to whom the document was directed, the nature of the document (e.g., letter, memorandum, or recording), subject matter, title, and number of pages, the basis for withholding the document, and any other information that is necessary to enable BAE Systems to determine the applicability of the privilege or protection.

4.      If any Request herein or part thereof is objected to, the reason(s) for such objection shall be stated with specificity.

5.      Electronically stored information includes all electronic data within Plaintiff's possession, custody or control that is reasonably available to him.  When producing electronically stored information, it may be produced in electronic form pursuant to the

3

requirements and conditions described in Federal Rule of Civil Procedure 34. Information that is not stored or maintained in an electronic format does not need to be converted into an electronic format for purposes of these Requests.

6.       If a document responsive to one or more of the Requests below no longer exists, identify the document and state the circumstances of the loss or destruction of it, including the date of the loss or destruction, and all witnesses with knowledge of the loss or destruction.

7.       BAE Systems reserves the right to serve supplemental or additional Requests for the Production of Documents as necessary.

## DOCUMENT REQUESTS

1.       Each document relating to your employment with BAE Systems, including without limitation each document:

        a.       Relating to or reflecting any communication between you and BAE Systems;

        b.       That you received from BAE Systems or removed, downloaded, or sent from BAE Systems' premises, databases, systems or devices;

        c.       Relating to the salary, compensation or benefits that you received while you were employed by BAE Systems;

        d.       Relating to any complaints that you made to BAE Systems during your employment with BAE Systems, including but not limited to the complaints alleged in the Amended Complaint;

        e.       Relating to all company policies and procedures in effect during your employment with BAE System;

        f.       Relating to your job duties, job responsibilities, job performance, job descriptions, performance appraisals, reviews and evaluations (whether formal or informal),

4

performance improvement plans, work-product, commendations, awards, critiques, feedback, counseling, warnings, reprimands, suspensions, and/or other disciplinary actions; and

        g.      Relating to the termination of your employment with BAE Systems.

    2.      Each document relating to the allegations in the Amended Complaint, including without limitation each document:

        a.      Concerning your allegation in Paragraph 22 of the Amended Complaint that "BAE was billing the government for tasks that were not being completed."

        b.      Concerning your allegation in Paragraph 23 of the Amended Complaint that "BAE was hiring certain personnel to complete logistical and administrative tasks, but BAE was using these personnel to bill the government for more lucrative labor."

        c.      Concerning your allegation in Paragraph 24 of the Amended Complaint that "BAE placed . . . administrative and logistical personnel under labor categories such as CIDNE (Combined Information Data Network Exchange) database operators, HUMINT (human intelligence) analysts, SIGINT (signals intelligence) analysts, and Collection Management officers on their timecards."

        d.      Concerning your allegation in Paragraph 25 of the Amended Complaint that the "administrative and logistical personnel BAE hired were not qualified for the positions under which BAE was billing them to the government."

        e.      Concerning your allegation in Paragraph 26 of the Amended Complaint that "[t]hese administrative and logistical personnel were also not conducting the duties for which BAE billed the government."

        f.      Concerning your allegation in Paragraph 27 of the Amended Complaint that, "[b]y falsely and purposefully miscategorizing the work performed, BAE charged the

government for more work than was actually performed or for more work than was contractually permitted."

       g.      Concerning your allegation in Paragraph 28 of the Amended Complaint that "employees in these [two administrative] positions did not earn as much money for the company as the positions for which BAE billed their work."

       h.      Concerning your allegation in Paragraph 29 of the Amended Complaint that "[t]his fraudulent billing activity was being done prior to Hosch joining BAE in December 2011."

       i.      Each document that constitutes evidences or relates in any way to your claim in Paragraph 47 of the Amended Complaint that "[w]hen Hosch protested, Weber said: '[Peterson] will do what I need him to do even if you don't want him to do it.'"

       j.      Each document that identifies the "government customer" who allegedly "approached Hosch and asked Hosch if Hosch was leaving," as alleged in Paragraph 51 of the Amended Complaint.

    3.      Each description, recording or summary by you or on your behalf of the events alleged in the Amended Complaint, your retention and employment (as a contractor or employee) by BAE Systems, or your claimed damages, including without limitation any diaries, journals, chronologies, logs, Internet posts, letters, emails, text messages, instant messages, blog messages or entries, tweets, video or audio recordings, social networking site or other website postings or entries, data in cloud storage and back-up tapes and storage, voice mail messages, photographs, tapes, films, journals, hand written notes, and planner or calendar entries.

    4.      Each document relating to Plaintiff's statements to Dan Weber ("Weber") alleged in Paragraphs 30-42 of the Amended Complaint, including without limitation (a) each document

reflecting, describing or relating to the alleged statements; (b) each document reflecting, evidencing or otherwise relating to the acts and conduct allegedly ascribed to Weber; (c) each document, if any, you provided to Weber or any other person concerning or in support of the allegations; and (d) each document that you believe supports the alleged statements to Weber.

5.      Each document relating to the reports to the Ethics Helpline described in Paragraphs 53-62 of the Amended Complaint, including (a) each document reflecting, describing or relating to the allegations in the reports; (b) each document reflecting, evidencing or otherwise relating to the acts and conduct alleged in the reports; (c) each document, if any, you provided to BAE Systems or any other person concerning or in support of the allegations in the reports; and (d) each document that you believe supports the allegations in the reports.

6.      Each document relating to the complaint to the Department of Defense, Office of Inspector General described in Paragraphs 63-65 of the Amended Complaint, including (a) each document reflecting, describing or relating to the allegations in the complaint; (b) each document reflecting, evidencing or otherwise relating to the acts and conduct alleged in the complaint; (c) each document, if any, you provided to the Department of Defense, Office of Inspector General or any other person concerning or in support of the allegations in the complaint; and (d) each document that you believe supports the allegations in the complaint.

7.      For any other protected act or activity you identify in response to Interrogatory No. 4, produce:  (a) each document reflecting or relating to the act or activity; (b) all communications concerning the act or activity; (c) all documents and all information relating to or supporting the claim that BAE Systems engaged in the fraud or wrongdoing alleged in the act or activity; and (d) each document that you provided to any person in support of or concerning the act or activity.

8.     For each alleged act of retaliation or reprisal identified in response to Interrogatory No. 5, produce:  (a) each document reflecting or relating to the alleged retaliation or reprisal; (b) all communications concerning the alleged retaliation or reprisal; and (c) each document that supports your claim that BAE Systems engaged in the alleged act of retaliation or reprisal because you engaged in one or more of the acts or actions described in Interrogatory No. 4.

9.     All documents relating to the supervision, assignment and accountability of employees and contractors in your Region while working on the CIED Contract, including documents relating to the job classifications to which they were assigned, the training they received, the locations to which they were assigned, their deployment and travel, including approval for taking and schedules and records for their "R&R" leave, injuries sustained by personnel in the Region, and personnel assigned to the Region believed to be AWOL.

10.     Each document relating to BAE System's offer, request or instruction to move you to the positions of Regional Manager for Special Forces or for the Northern Region, including all communications concerning the requested or instructed move and any documents that support any claim on your part that such a request or instruction was retaliatory.

11.     Each document relating to the transition of your responsibilities as the Regional Manager of the Eastern Region to Oscar Denson ("Denson"), including communications concerning the transition, documents, if any, provided to Denson or any other person, and communications with the military concerning the transition, and the transfer, return, removal, relinquishment or abandonment of BAE System's office space, office furniture and equipment, computers, vehicles, and supplies for staff in the field.

12. Each document reflecting, evidencing or relating to the shared drive used by the Eastern Region to track the personnel assigned to and within the Region, including without limitation all communications and other documents relating to the deletion or destruction of the drive in connection with your transition from the Eastern Region.

13. Each document reflecting your whereabouts, work (if any) and communications during the period from April 28, 2012 to May 21, 2012, including without limitation documents reflecting your communications with Marilsa Santiago ("Santiago"), representatives of the military and other persons during that period, any medical treatment received by you during that period, and any travel by you during that period, including your travel to Dubai and/or the United States.

14. Each document reflecting the whereabouts, work (if any) and communications of Santiago during the period from April 28, 2012 to May 21, 2012, including without limitation documents reflecting her communications with you, representatives of the military and any other person during that period, any medical treatment received by her during that period, the emotional distress allegedly experienced by her during that period, and any travel by her during that period, including her travel to the United States.

15. Each communication between you and any person, including without limitation Santiago, concerning your plans or her plan to assert claims or allegations against or disrupt the operations of BAE Systems, including without limitation any plan to file a lawsuit or claim against BAE Systems, to assert or support a claim that Peter Peterson ("Peterson") sexually harassed Santiago, to extract a settlement against BAE Systems, to assert allegations or claims against Dan Weber and/or LTC Robert Bauke ("Bauke"), to make allegations of fraud by BAE Systems, or to disrupt the operations of the Eastern Region.

16.     Each document reflecting or relating to any alleged sexual harassment of Santiago by Peterson, including without limitation all communications between Santiago and you concerning the alleged harassment, your duty or obligation to report the allegations, your threat to use the allegations to gain advantage with Peterson, Weber and/or BAE Systems, Santiago's plan to assert claims against BAE Systems based on the alleged harassment, and the charge filed by Santiago concerning the alleged harassment.

17.     Each document reflecting or relating to your supervision of Peterson and Santiago, including without limitation the assignment of duties and responsibilities to Peterson and Santiago while they worked under your supervision, the assignment of office space to them, and their access to the CIDNE database, the shared drive and other databases used by the Eastern Region.

18.     Each document reflecting or relating to the training received by Santiago, Peterson and the other CIDNE operators in the Eastern Region, including training concerning the CIDNE database.

19.     Each document that evidences or relates in any way to any communication between you and any representative of the military concerning Bauke, Weber or Peterson, your employment with BAE Systems or the allegations of your Amended Complaint.

20.     Each document that evidences or relates in any way to any communication between you and any current or former employee of BAE Systems regarding this lawsuit or any event or fact alleged in the Amended Complaint.

21.     Each document that constitutes or relates to the CIED Contract or BAE's proposal for it.

22.     Each document that evidences or relates in any way to any damages you seek from BAE Systems, including without limitation each document relating to any mental, emotional, psychological or psychiatric evaluation or treatment that you have received for any injuries that BAE Systems allegedly caused, and documents relating to any back pay, interest on back pay, front pay, lost wages, benefits, or special damages you seek in this action and documents relating to any emotional or psychological damages allegedly suffered by you.

23.     Each document relating to any treatment, counseling or evaluation that you have received for any psychological, emotional or mental condition or illness during the past twenty (20) years, including without limitation all medical records concerning such treatment.

24.     Each document that relates to any attempt by you or on your behalf to seek employment with any employer other than BAE Systems since January 1, 2007, including without limitation emails, letters, employment applications, resumes, letters of recommendation, Internet searches or postings, electronic mail communications, job postings, advertisements, and communications with recruiters.

25.     Each document that evidences or relates to each contractor or employer you have been employed by, been retained by, performed work for or from whom you have received any type of compensation since you attended secondary school including documents relating to: (a) the name, address and telephone number of the employer or contractor; (b) the period of employment or work; (c) any communications between you and the contractor or employer; (d) all positions held; (e) your job duties, job responsibilities, job performance, and job description; (f) the names of all supervisors; (g) your performance appraisals, reviews and evaluations (whether formal or informal), commendations, or awards; (h) work-product; (i) any performance improvement plans, critiques, feedback, counseling, warnings, reprimands,

11

suspensions, and/or other disciplinary actions; (j) all salary, compensation and benefits received; (k) any documents belonging to the employer or contractor that you received or removed, with or without permission, during or after your employment or work; (l) all company policies and procedures in effect during your employment or work; (m) any complaints you made to or about that employer or contractor; (n) any charge, claim, lawsuit, grievance, administrative or judicial complaints, investigations, or proceedings you filed or initiated regarding that employer or contractor; (o) the reason(s) for your departure from the employer or contractor; (p) any compensations or benefits of any type received in connection with the termination of your employment or work; and (q) any agreements of any kind between you and the employer or contractor in connection with your departure from employment or work.

26.     Each document that reflects or evidences your benefits, earnings or income from any source since January 1, 2007, through the present including without limitation your federal and state income tax returns (along with all schedules and W2 forms) for the years 2007 through the present.

27.     Each document that relates in any way to any application or claim for or receipt of any form of compensation from any local, state or federal benefit, program or source, including without limitation Worker's Compensation, unemployment, or Social Security, veterans or disability benefits, by you or on your behalf since January 1, 2007.

28.     Each document relating to Hosch Enterprises, LLC ("Hosch Enterprises") or any other company or entity owned (in whole or in part) by you, including without limitation documents relating to the formation of the entity, the owners and employees of the entity, the work performed by the entity, any income received by you from the entity, the revenue, profits and financial performance of the entity, the contracts into which the entity has entered, bids and

proposals of the entity, advertising and promotion of the entity, applications for or receipt of any Small Business Association or other government loan, certification, or approval by any public or private entity, including any recognition of the entity as a Service Disabled Veteran Owned Small Business, a Veteran Owned Business, a Black American Owned Business, and/or a Minority Owned Business.

29.     Each document identified in, reflecting information contained in, forming the basis for, substantiating or relating in any way to your Answers to BAE Systems' First Set of Interrogatories to Plaintiff, or any supplemental interrogatories served at a later date.

30.     Each document relating to any civil, administrative or criminal proceeding in which you have been involved as a witness, claimant or party, including:  (a) all documents relating to each time you have been arrested, charged with, convicted of or pled guilty to a criminal offense; (b) all documents relating to any civil, administrative, and other proceedings, lawsuits or charges filed by you or on your behalf; (c) all documents relating to any civil, administrative or other proceedings, lawsuits or charges filed against you; and (d) all documents relating to any lawsuits, criminal proceedings or other court or administrative proceedings in which you have been called or testified as a witness.

31.     Each document that relates to any investigatory or investigative service that you have employed or retained in connection with this litigation or to obtain information concerning BAE Systems, any present or former employee of BAE Systems, or the allegations of the Amended Complaint.

32.     Each affidavit, declaration, or statement you have prepared, received, reviewed or executed concerning your employment with BAE Systems or the allegations or damages alleged in the Amended Complaint.

13

33.     Each affidavit, declaration, or statement you have obtained or that has been obtained on your behalf from any person concerning your employment by BAE Systems or the subject matter of this lawsuit or the allegations or damages alleged in the Amended Complaint.

34.     All past and current resumes, recommendations, degrees, diplomas, certificates, transcripts, awards, evaluations, examinations, test or pre-examinations, study and/or course work, time and attendance records and other documents concerning, referring or relating to your profession, experience, education, achievements, ability, or qualifications to perform the position you held while employed by BAE Systems.

Respectfully submitted,

Connie N. Bertram
VA Bar No. 31713
Attorney for Defendant
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.,
Suite 400 South
Washington, D.C. 20004-2533
Telephone:  (202) 416-6800
cbertram@proskauer.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August 2013, I caused a copy of the foregoing

Defendant's First Requests for Production of Documents to Plaintiff to be served via hand

delivery on:

> R. Scott Oswald
> Adam Augustine Carter
> The Employment Law Group, P.C.
> 888 17th Street, NW, 9th Floor
> Washington, D.C. 20006
> soswald@employmentlawgroup.com
> acarter@employmentlawgroup.com

_____
Connie N. Bertram