UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
                                )
CORNELIUS V. HOSCH,             )
     Plaintiff,                 )
                                )
                                )
          v.                    ) Civil Action No. 1:13cv825
                                )
BAE SYSTEMS INFORMATION         )
SOLUTIONS, INC.,                )
     Defendant.                 )
                                )
```

REPORT AND RECOMMENDATION

This matter came before the Court on defendant BAE Systems
Information Solutions Inc.'s Motion for Sanctions (Dkt. 65),
defendant's Motion to Allow Up To Four Additional Hours for
Plaintiff's Deposition and To Compel the Deposition of Hosch
Enterprises (Dkt. 72), and plaintiff's oppositions thereto
(Dkts. 76 & 77.)  The parties appeared for a hearing on those
motions on January 17, 2014.  The undersigned granted
defendant's Motion to Allow Up To Four Additional Hours for
Plaintiff's Deposition and To Compel the Deposition of Hosch
Enterprises and took defendant BAE Systems Information Solutions
Inc.'s Motion for Sanctions under advisement to issue this
Report and Recommendation.  (Dkt. 81.)

I.   INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 37, BAE Systems
Information Solutions, Inc. ("defendant") seeks an award of

1

sanctions against plaintiff Cornelius V. Hosch ("plaintiff") on the grounds that he acted in bad faith in failing to comply with the Court's Order of December 6, 2013, and engaged in numerous discovery violations.  Defendant specifically requests the entry of an order that (1) dismisses plaintiff's claims with prejudice; and, (2) requires plaintiff to pay defendant its reasonable attorney's fees and costs associated with pursuing this motion, pursuing its motions to compel (Dkts. 39, 42, and 72), and undertaking its forensic inspection of plaintiff's electronic devices, computers, and email accounts.  (Dkt. 65-1.)

## II.  PROCEDURAL AND FACTUAL HISTORY

### A.  Factual Background

Plaintiff filed his Complaint against defendant on February 5, 2013, in the United States District Court for the District of Columbia.  (Dkt. 1 ("Compl.").)  The case was transferred to the United States District Court for the Eastern District of Virginia on July 8, 2013.  (Dkt. 14.)  In his Complaint, plaintiff claims that defendant retaliated against him through harassment and termination of his employment after plaintiff made multiple disclosures regarding defendant's alleged fraudulent billing practices in violation of the False Claims Act.  (Compl. ¶¶ 1-6.)  Plaintiff asserted a claim of retaliation under the False Claims Act, 31 U.S.C. § 3730(h), and requested relief including reinstatement, economic damages "for

2

lost wages and benefits, including two times the amount of back
pay, interest on the back pay, and compensation for any special
damages sustained as a result of the discrimination," special
damages for "mental and emotional distress and harm to
reputation," and costs and attorney's fees.  (Compl. 9-11.)
Plaintiff later amended his Complaint to allege a claim of
"[r]eprisal of [r]etaliation" under 10 U.S.C. § 2409.  (Dkt.
17.)

## B.    The Discovery Process

Upon transfer from the District of Columbia, this Court
entered a Scheduling Order setting the close of discovery as
December 13, 2013.  (Dkt. 19.)  The Court later adopted the
parties' proposed Joint Discovery Plan (Dkt. 30), and extended
the parties' expert discovery deadlines by two weeks so that
expert depositions were to be completed by December 24, 2013
(Dkt. 35).

Defendant served on plaintiff its first set of
interrogatories and requests for production on August 20, 2013.
(Dkt. 43 at 2.)  On November 29, 2013, defendant filed two
separate Motions to Compel.  (Dkts. 39 & 42.)  In the first
Motion, defendant moved for the Court to compel plaintiff's
production of a variety of relevant documents and responses to
interrogatories.  (Dkt 39.)  In its second Motion, defendant
moved for an Order compelling plaintiff to submit his electronic

3

devices and email accounts to a forensic inspection.  (Dkt. 42.)
In support of its second motion, defendant claimed that forensic
inspection was necessary due to the fact that plaintiff admitted
that he routinely forwarded to personal accounts and downloaded
to hard drives numerous communications and documents relating to
this litigation, and that he deleted and destroyed information
relating to his claims.  (Dkt. 51 at 1.)  After the parties
appeared for a hearing on these motions, the Court entered an
Order on December 6, 2013, granting both of defendant's Motions
to Compel.  (Dkt. 53.)

### C.   Defendant's Motion for Sanctions

Defendant filed its Motion for Sanctions on January 3,
2014.  (Dkt. 65.)  Defendant claims that plaintiff resisted
discovery obligations throughout the entire course of this
litigation, made false representations regarding the
preservation of evidence, intentionally destroyed and deleted
evidence, and willfully refused to comply with the Court's
December 6th Order.  (Dkt. 67 ("Mem. Supp. Mot. Sanctions") 1-
3.)

Defendant provides an extensive and disconcerting list of
plaintiff's discovery transgressions and spoliation of evidence
in its Memorandum in Support of Motion for Sanctions.  (Dkt.
67).  As more fully explained in that filing and related
affidavits and attachments (Dkt. 67-1 through 67-11),

plaintiff's actions included, but were not limited to:

- Ignoring the Court's December 6th Order by refusing to submit electronic devices and accounts for forensic inspection, including his Motorola Verizon cellphone, T-Mobile Blackberry, Verizon iPhone, Toshiba HP computers, Gmail account, us.army.mil account, and the email account that plaintiff used in connection with his business, Hosch Enterprises;

- Failing to comply with the Court's December 6th Order requiring plaintiff to produce by December 13, 2013, all documents and answers responsive to Request Numbers 6, 7, 13, 22, 23, and 25, which would have included medical records, psychiatric reports, information regarding prior employers, and communications relating to plaintiff's mitigation efforts and job search[1];

- Withholding information concerning the possible bias of plaintiff's witnesses as detailed in multiple, personal communications and contacts between plaintiff and

---

[1] Even where plaintiff claimed that he produced materials, that production often was wholly deficient. For example, rather than producing actual communications relating to his job search and mitigation efforts—such as emails or messages relating to the submission of applications or resumes-plaintiff merely produced screen shots of plaintiff's email inboxes and email files that related to his job search. (Mem. Supp. Mot. Sanctions Ex. 1 ¶ 8.) Aside from the "to," "from," and "subject" lines in these screen shots, defendant was unable to determine any details regarding these communications aside from the fact that numerous responsive documents existed but were not produced. (Id.)

witnesses, which were only uncovered after the forensic
inspection;

- Removing numerous documents and data from defendant's
databases in clear violation of company policy, and
refusing to produce those documents in discovery; and,

- Destroying thousands of potentially relevant documents,
including communications relevant to his asserted claims,
documents belonging to defendant, and documents directly
relating to the basis of his reports concerning
defendant's alleged actions.

Defendant's Supplemental Memorandum in Support (Dkt. 69
("Supp. Mem. Supp. Mot. Sanctions")) and Reply (Dkt. 78) detail
similar instances of misconduct.  For example, defendant
recounts that it became clear from the forensic inspection and
plaintiff's deposition that, in direct disregard to the Court's
December 6th Order, plaintiff never produced access to a Gmail
account, and misrepresented his availability for deposition.
(Supp. Mem. Supp. Mot. Sanctions 2-11.)  Moreover, plaintiff
never even attempted to produce for inspection at least six
electronic devices, including Blackberry and Motorola
cellphones, an external hard drive, an iPad, an iPhone, a Roshan
device, and a Toshiba laptop.  (Id. at 5-6.)  Defendant's Reply
similarly details numerous instances of plaintiff's spoliation
of evidence, including that he deleted at least 12 file folders

6

in October 2012 from his hard drive after receiving a litigation hold notice from defendant, and losing, wiping, destroying, and/or deleting extensive evidence from his electronic devices. (Reply at 2-4.)

Information obtained from the forensic inspection of the few electronic devices that plaintiff actually produced indicates that this extensive spoliation continued unabated throughout discovery in this case.  For example, plaintiff completely wiped the contents of his iPhone on January 8, 2014, just two days before plaintiff turned the device over to counsel and on the same day that the Court warned plaintiff that failure to comply with the Court's Order may result in sanctions.  (Id. at 3-4.)  On that device alone, plaintiff permanently deleted all text messages, call logs, email data, voicemails, internet history and bookmarks, pictures, network activity history, contacts, calendars, notes, applications, social media, and video stored on the device.  (Id. at 3; Ex. H ¶ 5.)  Plaintiff similarly deleted two years' worth of information from his Blackberry device before producing it to defendant.  (Id. at 4-5.)  Much if not all of this information can never be restored or recovered, leaving defendant merely guessing as to what that information might have revealed.  (Id.)

### III. ANALYSIS

Defendant has requested that the Court dismiss plaintiff's

7

claims with prejudice, and that the Court award monetary sanctions in the form of attorneys' fees and costs associated with pursing this motion, pursuing its motions to compel, and undertaking its forensic inspection of plaintiff's electronic devices, computers, and email accounts.

Federal Rule of Civil Procedure 37(b) authorizes a court to issue sanctions for failure to obey a discovery order. A district court has "nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failure to comply with its discovery orders." Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 429 (4th Cir. 1996). These sanctions include directing that certain facts be taken as established for the purposes of the underlying action, prohibiting the disobedient party from supporting or opposing certain claims or defenses, striking pleadings in whole or in part, rendering a default judgment against the disobedient party, or dismissing the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A).

The Fourth Circuit has developed a four-part test for determining what sanctions to impose under Rule 37. The district court must determine "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less

drastic sanctions would have been effective." Anderson v.
Found. for Advancement, Educ. and Employment of Am. Indians, 155
F.3d 500, 504 (4th Cir. 1998) (citing Wilson v. Volkswagen of
Am., Inc., 561 F.2d 494, 503-05 (4th Cir. 1977)).

In this case, an analysis of the four factors warrants a
recommendation that dismissal sanctions are appropriate. First,
the undersigned recommends a finding that plaintiff's failure to
provide discovery responses and comply with the Court's Order of
December 6, 2013, was both intentional and in bad faith. As
discussed, plaintiff (1) failed to disclose and refused to
produce all media and credentials subject to the forensic
inspection as ordered by the Court; (2) failed to produce
numerous responsive documents in his possession, custody, and
control; (3) failed timely and completely to supplement his
interrogatory responses; and, (4) destroyed and deleted numerous
documents and communications that cannot be restored or
recovered. Plaintiff misrepresented on multiple occasions
various facts and contentions relating to discovery, including
when he falsely claimed to have imaged all devices with
information relevant to this matter, made repeated efforts to
conceal responsive discovery, and hid information that he
misappropriated from defendant's databases. These examples are
just a small sampling of plaintiff's indiscretions. Plaintiff's
actions clearly meet the bad faith standard justifying the

9

imposition of sanctions.

Second, defendant has been prejudiced by plaintiff's noncompliance. The Fourth Circuit upheld a district court's dismissal where the plaintiff's "repeated refusals to comply with the government's legitimate discovery requests, despite court orders to the contrary . . . was prejudicial to the government . . . because it could not defend against claims, facts, and witnesses that [the appellant] refused to provide." United States v. One Tract of Real Property, 107 F.3d 868, 1997 WL 71719, at *3 (4th Cir. 1997). That is exactly what has happened here. Plaintiff's actions have denied defendant a fair opportunity to participate in discovery and crippled its ability to properly prepare its defenses to plaintiff's claims. Furthermore, defendant has incurred considerable time and monetary expenses as a result of plaintiff's refusal to abide by its discovery obligations, which required defendant to file multiple motions to compel, undertake a costly forensic review, and search for missing or deleted documents.

Third, the need to deter this particular form of non-compliance weighs heavily in the favor of dismissal. The disobedient plaintiff has not just dragged his feet in discovery or been slow to produce responses. Rather, he willfully and consistently stood in complete defiance of the rules of this Court and disregarded this Court's Orders. Plaintiff's

malfeasance included purposeful destruction of evidence and evasive testimony and tactics, and it would send the wrong message to recalcitrant parties and their counsel if such defiance went unpunished.  Thus, the need to deter this sort of conduct is great.

Fourth, lesser sanctions are inappropriate in this case. The Court's Orders providing discovery dates, compelling plaintiff's production, and requiring the submission of electronic devices and accounts for forensic inspection have been repeatedly ignored by plaintiff.  Plaintiff's severely egregious conduct in this matter, including document theft, spoliation, possible perjury, and obstruction of discovery, mandates a proportionately severe response by this Court.  The undersigned thus recommends that the Court's response be to dismiss plaintiff's claims with prejudice.

## IV.   RECOMMENDATION

For the reasons outlined above, the undersigned recommends that plaintiff's claims be dismissed with prejudice.

In addition, the undersigned recommends that defendant be awarded its costs, including attorney's fees, incurred in filing this Motion and its Motions to Compel (Dkts. 39, 42, and 72), and in undertaking its forensic inspection of plaintiff's electronic devices, computers, and email accounts pursuant to Federal Rule of Civil Procedure 37(d)(3) since the failure to

11

comply with this Court's Orders was not substantially justified
and no other circumstances exist that would make an award of
expenses be unjust.

V.   <u>NOTICE</u>

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.


_____/s/_____
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

January 22, 2014
Alexandria, Virginia

13