IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CORNELIUS V. HOSCH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:13-cv-00825 (AJT/TCB) |
| | ) |
| BAE SYSTEMS INFORMATION | ) |
| SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation [Doc. No. 83] and plaintiff's Objections to Magistrate Judge's Report and Recommendation [Doc. No. 85].

On January 3, 2014, defendant filed its Motion for Sanctions [Doc. No. 65], alleging that plaintiff engaged in numerous discovery-related violations, including spoliation of evidence. On January 17, 2014, the Magistrate Judge heard argument on the Motion for Sanctions. On January 22, 2014, the Magistrate Judge issued her Report and Recommendation [Doc. No. 83]. In her Report and Recommendations, the Magistrate Judge made extensive findings of fact regarding plaintiff's actions throughout the course of this litigation and based on those findings, recommended that plaintiff's claims be dismissed with prejudice and that defendant be awarded its costs, including attorney's fees, incurred in filing the Motion for Sanctions and three Motions to Compel [Doc. Nos. 39, 42, and 72] and in undertaking its forensic inspection of plaintiff's electronic devices, computers, and email accounts pursuant to Federal Rule of Civil Procedure 37(d)(3).

On February 10, 2014, plaintiff filed his Objections to Magistrate Judge's Report and Recommendation [Doc. No. 85]. On February 27, 2014, defendant filed its Response to Plaintiff's Objections [Doc. No. 87], and on March 4, 2014, plaintiff filed his Reply in Support of his Objections [Doc. No. 88]. On March 7, 2014, the Court held a hearing on these issues, taking the matter under advisement at that time. In light of the case-dispositive sanction recommended by the Magistrate Judge, the Court must review the Magistrate Judge's findings of fact and conclusions of law *de novo*. *See* Fed. Rule Civ. P. 72(b)(3).

The Court has reviewed in detail the record before it, and after its *de novo* review of the record, the Court adopts the Magistrate Judge's findings of fact set forth in her Report and Recommendation, which are fully supported by the record. More particularly, the Court finds (a) that beginning in April, 2012, after he formed the intention of suing defendant, and continuing through at least January 8, 2014, plaintiff engaged in the willful and intentional spoliation of evidence; (b) that as a result of that spoliation, the defendant has been prejudiced in its ability to defend against plaintiff's allegations; and (c) that the only remedy that can adequately address that prejudice is dismissal with prejudice. As the Magistrate Judge correctly observed:

> Information obtained from the forensic inspection of the few electronic devices that plaintiff actually produced indicates that this extensive spoliation continued unabated throughout discovery in this case. For example, plaintiff completely wiped the contents of his iPhone on January 8, 2014, just two days before plaintiff turned the device over to counsel and on the same day that the Court warned plaintiff that failure to comply with the Court's Order may result in sanctions. On that device alone, plaintiff permanently deleted all text messages, call logs, email data, voicemails, internet history and bookmarks, pictures, network activity history, contacts, calendars, notes, applications, social media, and video stored on the device. Plaintiff similarly deleted two years' worth of information from his Blackberry device before producing it to defendant. Much if not all of this information can never be restored or recovered, leaving defendant merely guessing as to what that information might have revealed.

Report and Recommendation [Doc. No. 83] at 7 (record citations omitted).[1]

Moreover, most of plaintiff's spoliation took place after and despite defendant's litigation hold and document preservation notices to the plaintiff and his affiliated entity on September 23 and October 4, 2012, defendant's repeated requests for production, plaintiff's repeated refusals and failures to produce, and the Court's orders and admonitions, including those issued on December 6, 2013 and January 8, 2014.

The Court has also reviewed *de novo* the applicable law and its application to the Court's findings of fact. Based on that *de novo* review, the Court concludes for the reasons set forth in the Report and Recommendation and this Order that defendant's Motion for Sanctions [Doc. No.

---

[1] Plaintiff has presented a variety of excuses and explanations in support of his overall position that dismissal with prejudice is unwarranted. In that regard, plaintiff argues that certain documents initially withheld were ultimately produced, that defendant was able to forensically recover certain documents that had been deleted or erased by the plaintiff, that any destruction or deletions were not intentional and that in any event, remedies short of dismissal with prejudice would be adequate to address any spoliation that may have occurred. The Court has considered carefully each of these contentions and finds them meritless. For example, plaintiff has repeatedly asserted, both in his papers and at the hearing on his Objections, that his personal Blackberry, which he used for years and to which he downloaded or transferred information and documents, was not intentionally "wiped," even though the Blackberry, when examined forensically after plaintiff provided it on January 10, 2014, was completely devoid of saved data on the internal memory of the device, including text messages, emails, call logs, voicemail messages, calendar entries, internet history and bookmarks, network activity history, contacts, notes and applications, prior to producing it to defendant on January 10, 2014. *See* Doc. No. 85 at 23-24 (Plaintiff's Objections); and Doc. No. 87-18 at 33 (referencing the results of defendant's forensic examination). In support of this position, plaintiff argues that the internal memory was deleted inadvertently when he replaced its SIM card on January 9, 2014, in Dubai, on his way back to the United States from Afghanistan. However, as defendant's forensic expert explains, the Blackberry's internal memory (which is separate from the SD card and not dependent on the SIM card for storage of data) is where information like text messages, call logs, email data, voicemails, internet history and bookmarks, network activity history, contacts, calendars, notes, and applications would have been stored and the removal of the SIM card would not have erased or deleted any of that internal memory. Doc. No. 87-18 at 33 ("The Blackberry itself has 512MB of internal memory that is its repository of user-generated data. The fact that, with the exception of a few pictures, none of this type of information was found on the SIM Card or Micro-SD Card confirms that Plaintiff's Blackberry was set up to store this type of information to its internal memory.").

65] should be granted and that this case should be dismissed with prejudice, together with an award of attorney's fees and costs as recommended by the Magistrate Judge, to be determined and awarded by separate order. In reaching this conclusion, the Court has reviewed and applied those factors and considerations set forth in *United States v. Shaffer Equipment Co.*, 11 F.3d 450, 461-63 (4th Cir. 1993).

Wherefore, for the above reasons, it is hereby

ORDERED that Defendant's Motion for Sanctions [Doc. No. 65] be, and the same, hereby is, GRANTED, and this action shall be dismissed with prejudice, together with an award of attorney's fees and costs incurred in connection with defendant's Motion for Sanctions, its three Motions to Compel [Doc. Nos. 39, 42, and 72], and its forensic inspection of plaintiff's electronic devices, computers, and email accounts pursuant to Federal Rule of Civil Procedure 37(d)(3); and it is further

ORDERED that defendant shall file its itemization of attorney's fees and costs, as awarded herein, on or before May 19, 2014, as to which the plaintiff shall file any objections on or before June 16, 2014, with any reply thereto filed on or before June 23, 2014, following which the Court shall determine the specific amount of fees and expenses awarded herein.

The Clerk is directed to forward copies of this Order to all counsel of record.

/s/
_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
April 24, 2014